CULVER SMITH, Associate Judge.
This is an appeal from a Final Decree of the lower Court which held that the ap-pellees were possessed of riparian rights in Crystal Lake, Seminole County, Florida. Since the principal questions involved here are those of fact, it is necessary to relate them briefly. The appellants conveyed a certain parcel of land to one Allison in 1954, the description being by metes and bounds. Appellants did not reserve any riparian rights to themselves. Later Allison died, and in April, 1956 the appellees acquired the title from his estate by Administrator’s Deed. The appellants thereafter carried on a dredging operation which appellees alleged caused fill to be placed on the northeast corner of their property, thus depriving them of their riparian ownership. Appellants denied that the appellees had any riparian rights whatsoever and that they placed any fill on appellees’ property, but admit they had dredging performed. The lower Court found that a survey, known as the Gordon survey made on March 31, 1956, was accurate. The other survey, made by Hagen in November of 1957, was held by the Court not to be of value, as to the true condition of the property in 1956 or prior thereto. There was a conflict in the testimony given by numerous witnesses, the Chancellor accepting that of those who testified that the northeast corner of appellees’ property was under water, at or about the time they acquired title in 1956. The testimony amply supports his conclusions in this regard, as does the Gordon survey. The evidence shows that the waters of Crystal Lake were at an all-time low in 1956 and 1957. The evidence also supports the fact that the fill complained of by appellees prevented the waters of Crystal Lake from entering upon the northeast corner of their property at this time their action was filed. It follows that the northeast corner of the parcel of land in question must of necessity have been covered by water at the time Allison, appellees’ predecessor in title, acquired it from appellants.
Appellants state five points as being involved in their appeal. The first states that appellees’ predecessor in title was not a nonriparian owner and that appellees cannot receive a greater estate than their predecessor. Appellees concede in their brief that they cannot receive a greater estate than their predecessor, but' point out that the latter was a riparian owner. The Chancellor so found, and there is ample evidence in the record to support him.
In point two appellants state that riparian rights can be sold or reserved upon sale of the upland. There is competent evidence in the instant case that these rights were not reserved.
Appellants’ point three again states a proposition of law to which the facts in this case do not apply. They say that a non-contiguous portion of riparian land, when transferred, severs riparian rights from that portion transferred. The transfer from them to Allison was not such a portion.
Point four avers that land which when conveyed was not riparian, does not acquire riparian rights when it is subsequently covered by water. Here again appellants construe the very facts in dispute to their liking, and then reach a legal conclusion therefrom. As we have shown in this opinion, there is ample competent evidence that the land conveyed was riparian when appellants made the first transfer to Allison in 1954.
Appellants, in their fifth point, say that the Court below erred in basing its decree on a survey which showed an impossible condition. The Chancellor below viewed the premises by agreement of counsel. He heard the testimony of the witnesses, including that of the surveyors, and found that the Gordon survey was correct, and *464 therefore that it did not show an impossible condition, but rather, the true condition. There is much evidence in the record to support him. His findings of fact in such circumstances must be upheld on appeal.
The decree appealed from is hereby affirmed.
KANNER, C. J., and ALLEN, J., concur.